IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKHAIL S. TSUKERMAN. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2666-SMY |
| | ) |
| LAW FIRM OF BECKER, HOERNER & | ) |
| YSURSA and THOMAS J. HUNTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mikhail S. Tsukerman filed this *pro se* action against the Law Firm of Becker, Hoerner & Ysursa and Thomas Hunter. Tsukerman's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2) is now before the Court. For the following reasons, the motion is **DENIED**, and Tsukerman's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Tsukerman has demonstrated his indigence and inability to pay the costs of commencing his lawsuit through his motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly

frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In the Complaint, Tsukerman alleges that Defendants harmed him when they successfully defended his former employer against Tsukerman's *pro se* employment discrimination case. Specifically, Tsukerman states that he brought an employment discrimination case against an Illinois school district in 2014. The school hired the Defendants to defend it. According to Tsukerman, the Defendants "conducted the case in bad faith," rejected negotiations, "never offered even nominal settlement," "refused to communicate with [him]," and opposed his motions, resulting in the case being "dismissed with prejudice on pure technicalities rather than [the] merits." Tsukerman asserts claims for conducting the underlying employment case in bad faith, unjust enrichment, civil rights violation of 42 U.S.C. § 1983, and intentional infliction of emotional distress. He seeks compensation for lost wages, as well as pain and suffering. He further requests $700,000 in punitive damages.

Federal courts are courts of limited jurisdiction. As such, to proceed in federal court, Tsukerman must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. He has not met this burden on the face of the Complaint.

Although Tsukerman asserts that Defendants violated his civil rights, his Complaint does not state a claim under federal civil rights laws. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons

acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). The "state actor" predicate to § 1983 liability must be satisfied for this claim to proceed against each defendant. Here, the Defendants are private citizens, not state actors. Thus, Tsukerman has no relief available under § 1983.

The remaining claims asserted in the Complaint are state law claims; this Court does not have federal question jurisdiction over state law claims. *See* 28 U.S.C. § 1331. Nor has Tsukerman alleged diversity jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity." *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (citation omitted). "This means no defendant may share the same state citizenship as any plaintiff." Although Tsukerman states that he is a Missouri resident, the Complaint does not provide sufficient information to discern the citizenship of the Defendants.

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** and his motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: January 10, 2023**

**STACI M. YANDLE**
**United States District Judge**