IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKHAIL S. TSUKERMAN. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2666-SMY |
| | ) |
| LAW FIRM OF BECKER, HOERNER & YSURSA and THOMAS J. HUNTER, | ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mikhail S. Tsukerman filed this *pro se* action against the Law Firm of Becker, Hoerner & Ysursa and Thomas Hunter. On January 10, 2023, the Court denied Tsukerman's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2) and dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Now pending before the Court are Tsukerman's Motion for Leave to File an Amended Complaint (Doc. 12) and Motion for Reconsideration (Doc. 13). For the following reasons, the motions are **DENIED**.

In the Amended Complaint, Tsukerman makes the same allegations against Defendants as in his original Complaint. Specifically, he alleges that he brought an employment discrimination case against an Illinois school district in 2014. The school hired the Defendants to defend it. According to Tsukerman, the Defendants "conducted the case in bad faith," rejected negotiations, "never offered even nominal settlement," "refused to communicate with [him]," and opposed his motions, resulting in the case being "dismissed with prejudice on pure technicalities rather than [the] merits." Tsukerman asserts claims for conducting the underlying employment case in bad faith, unjust enrichment, civil rights violation of 42 U.S.C. § 1983, and intentional infliction of

emotional distress. He seeks compensation for lost wages, front wages, as well as pain and suffering.

To proceed in federal court, Tsukerman must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. He has not met this burden on the face of the Amended Complaint.

Although Tsukerman asserts that Defendants violated his civil rights, his Complaint does not state a claim under federal civil rights laws. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). The "state actor" predicate to § 1983 liability must be satisfied for this claim to proceed against each defendant. Here, the Defendants are private citizens, not state actors. Thus, Tsukerman has no relief available under § 1983.

The remaining claims asserted in the Amended Complaint are state law claims. This Court does not have federal question jurisdiction over state law claims. *See* 28 U.S.C. § 1331. Nor has Tsukerman alleged diversity jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity." *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (citation omitted). "This means no defendant may share the same state citizenship as any plaintiff." Although Tsukerman states that he is a Missouri resident, the Amended Complaint suffers from the same deficiencies as the original complaint – there is insufficient information to discern the citizenship of the Defendants.

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) and Motion for Reconsideration (Doc. 13) are **DENIED**; Plaintiff's Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  February 21, 2023**

**STACI M. YANDLE**
**United States District Judge**